# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CARTER MASON, individually and as Class Representative for all others similarly situated, | ) <br> ) CIVIL ACTION FILE NO. <br> ) 1:16-cv-2867-CC-RGV <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) <br> ) |
| MIDLAND FUNDING, LLC, ENCORE CAPITAL GROUP, INC., MIDLAND CREDIT MANAGEMENT, INC., ASSET ACCEPTANCE CAPITAL CORP. and COOLING & WINTER LLC, | ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

## **OBJECTION TO FRANK DECLARATION BY DEFENDANTS COOLING, WINTER, AND COOLING AND WINTER, LLC**

COME NOW, Defendants Colling, Winter, and Cooling & Winter, LLC, Joseph C. Cooling, and Robert A. Winter (collectively the "C&W Defendants"), and object to this Court's consideration of the Declaration of Gregory A. Frank and the exhibits annexed thereto (the "Declaration") [Doc. 55-1] filed in support of Plaintiffs' Omnibus Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Second Amended Class Action Complaint.

1

## I. INTRODUCTION

Plaintiffs oppose Defendants' motion to dismiss with their attorney's declaration and accompanying website printouts. Specifically, Plaintiffs' counsel, Gregory A. Frank, has submitted his declaration citing to and attaching printouts of the purported LinkedIn profiles of various individuals as evidence that Cooling & Winter, LLC is a successor-in-interest to the law firm of Frederick J. Hanna & Associates, P.C.[1] These documents are not referenced in any complaint nor has a proper foundation been laid to authenticate the various exhibits attached to the Declaration. As such, the C&W Defendants respectfully request this Court to sustain its objections to this material. Plaintiffs improperly offer the documents for the truth allegedly asserted in each.

## II. Legal Standard

A Rule 12(b)(6) motion to dismiss must typically be decided without considering matters outside the complaint.[2] A District Court may, without converting the motion to dismiss to a motion for summary judgment, consider an extrinsic document if it is (1) central to the plaintiff's claim; and (2) its authenticity is not challenged.[3] The Eleventh Circuit has explained that to be central to the

---

[1] The Paragraphs to which the C&W Defendants specifically object are Paragraphs 3 through 8 and Exhibits A through F.
[2] Urquilla-Diaz v. Kaplan Univ., 780 F.3d 1039, fn. 12. (11 Cir. March 11, 2015).
[3] Speaker v. United States HHS CDC & Prevention, 623 F.3d 1371, 1379 (11 Cir. October 22, 2010).

plaintiff's claim, the plaintiff must have referred to the extrinsic documents in the complaint.[4]

## III. ARGUMENT

The Declaration attempts to introduce the purported profiles of various individuals (Chad Brooks, Jamie Riexinger, Michael Reyes, Robert Bowers, Stephanie Ashworth Brazil, and Susan Carroll) said to be sourced from the LinkedIn website. These profiles are intended as evidence to support Plaintiffs' position that Cooling & Winter, LLC is a successor-in-interest to the law firm of Frederick J. Hanna & Associates, P.C. The Court should not consider these extrinsic documents in its analysis of the C&W Defendants' motion to dismiss because these documents are not central to Plaintiffs' successor-in-interest claims. These documents are not mentioned or identified in any complaint filed by Plaintiff, including the Second Amended Class Action Complaint.

The C&W Defendants challenge the authenticity of these documents. The Declaration states in Paragraphs 3, 4, 5, 6, 7, and 8 that each Exhibit (Exhibits A, B, C, D, E, and F) containing a LinkedIn profile is "a true and correct copy of the LinkedIn profile of [Brooks, Riexinger, Reyes, Bowers, Brazil, and Carroll], as it

---

[4] Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364, 1369 (11 Cir. March 11, 1997).

existed on January 25, 2017."[5]  This self-serving statement does not meet any of the authentication standards set forth in Rules 901, 902, and 903 of the Federal Rules of Evidence.  A printout from a web site (such as LinkedIn) does not bear the indicia of reliability that is demanded for the categories of self-authenticating documents set forth in Fed. R. Evid. 902.[6]  As no evidentiary foundation has been

---

[5] See, Declaration of Gregory A. Frank, Docket Entry No. 55-1.

[6] See, e.g., Sklar v. Clough, 2007 U.S. Dist. LEXIS 49248, *3, 2007 WL 2049698 (N.D. Ga. July 6, 2007) ("internet web sites are not self-authenticating"); Mullinax v. United Mktg. Group, LLC, 2011 U.S. Dist. LEXIS 103004 *, 2011 WL 4085933 (N.D. Ga. Sept. 13, 2011) ("Printouts of a website, standing alone, are not self-authenticating documents."); In re Homestore.com, Inc. Sec. Litig., 347 F. Supp. 2d 769 (C.D. Cal. 2004) ("to be authenticated, some statement or affidavit from someone with knowledge is required—for example, web site owner's web master or someone else with personal knowledge"); Victaulic Co. v. Tieman, 499 F. 3d. 227 (3d Cir. Pa. 2007) (It was error for trial court to accept and take judicial notice of material from web site to be considered on motion to dismiss because information had not been properly authenticated, and trial court had not taken into consideration that information from website was potentially commercial in nature and potentially questionable in accuracy.). Toytrackerz LLC v. Koehler, 2009 U.S. Dist. LEXIS 74484 *, 2009 WL 2591329 (D. Kan. Aug. 21, 2009) ("The Court finds its authenticity uncertain as a mere printout from a website, in the absence of further foundation or authentication as to its origin. Printouts from non-government websites are not self-authenticating. To authenticate printouts from a website, the proponent must present evidence from a witness with personal knowledge of the website at issue stating that the printout accurately reflects the content of the website and the image of the page on the computer at which the printout was made.").

laid for the authenticity of these documents (and they are not self-authenticating), the Court should not consider Paragraphs 3, 4, 5, 6, 7, and 8 and Exhibits A, B, C, D, E, and F of the Declaration in its analysis of the C&W Defendants motion to dismiss.

## IV. Conclusion

For the reasons set forth herein, the C&W Defendants respectfully request that the Court sustain its objections to the Declaration of Gregory A. Frank.

This 28th day of March, 2017.

Respectfully submitted,

BEDARD LAW GROUP, P.C.

/s/ John H. Bedard, Jr.
Georgia Bar No. 043473
Michael K. Chapman
Georgia Bar No. 322145

*Counsel for Defendants,
Cooling & Winter, LLC,
Joseph C. Cooling, and
Robert A. Winter*

Bedard Law Group, P.C.
2810 Peachtree Industrial Blvd.
Suite D
Duluth, Georgia 30097
Telephone: (678) 253-1871
jbedard@bedardlawgroup.com
mchapman@bedardlawgroup.com

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D**

Pursuant to Local Rule 7.1D, the undersigned counsel certifies that this document has been prepared using Times New Roman 14-point font.

This 28th day of March, 2017.        Respectfully submitted,

BEDARD LAW GROUP, P.C.

/s/ John H. Bedard, Jr.
John H. Bedard, Jr.
Georgia Bar No. 043473

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CARTER MASON, individually and as Class Representative for all others similarly situated, | ) <br> ) CIVIL ACTION FILE NO. <br> ) 1:16-cv-2867-CC-RGV <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) <br> ) |
| MIDLAND FUNDING, LLC, ENCORE CAPITAL GROUP, INC., MIDLAND CREDIT MANAGEMENT, INC., ASSET ACCEPTANCE CAPITAL CORP. and COOLING & WINTER LLC, | ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed this Objection to Plaintiffs' Evidence using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

| | |
|---|---|
| E. Talley Gray <br> talleygray@yahoo.com | Gregory A. Frank <br> grank@frankllp.com |
| Marvin L. Frank <br> grank@frankllp.com | John O'Shea Sullivan <br> ssullivan@burr.com |
| Rachel R. Friedman <br> rfriedman@burr.com | Robert F. Springfield <br> fspringf@burr.com |
| Alexander D. Weatherby <br> aweatherby@wpcarr.com | W. Pitts Varr <br> pcarr@wpcarr.com |

This 28th day of March, 2017.    Respectfully submitted,

BEDARD LAW GROUP, P.C.

/s/ John H. Bedard, Jr.
John H. Bedard, Jr.
Georgia Bar No. 322145