IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CARTER MASON, individually and on behalf of all others similarly situated, | ) ) ) | CIVIL ACTION NO. 1:16-cv-02867-CC-RGV |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| MIDLAND FUNDING, LLC, ENCORE CAPITAL GROUP, INC., MIDLAND CREDIT MANAGEMENT, INC., and COOLING & WINTER LLC, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | FILED VIA ECF |

**PLAINTIFFS' OPPOSITION TO
DEFENDANTS COOLING & WINTER LLC,
JOSEPH C. COOLING, AND ROBERT A. WINTER'S
"OBJECTION" TO CERTAIN PORTIONS
OF THE FRANK DECLARATION**

Plaintiffs Carter Mason, Sean Huffman, Jorge Vega, Jacqueline Rooks, and Anita Burnett, by and through their undersigned counsel, respectfully submit this opposition to Defendants Cooling & Winter LLC ("C&W"), Joseph C. Cooling ("Cooling"), and Robert A. Winter's ("Winter") (collectively, "C&W Defendants") request that this Court disregard certain portions of, and certain exhibits to, the Declaration of Gregory A. Frank in Support of Plaintiffs' Opposition to C&W's

Motion to Dismiss Pursuant to Rule 12(b)(6) (ECF No. 59).[1]

The C&W Defendants' request, styled as an "Objection,"[2] takes issue with admissions against interest made by C&W and its employees in the public domain. No Rule of Evidence or Civil Procedure demands that this Court disregard these public statements in weighing C&W's pending motion to dismiss Plaintiffs' claim. The Court may properly consider these statements because they are central to Plaintiffs' claims, and because their authenticity is beyond dispute.

## I. INTRODUCTION

Cooling and Winter set up C&W as a continuation of the Frederick J. Hanna & Associates, P.C. law firm ("Hanna & Associates"), with the same lawyers and support staff targeting the same consumers on behalf of the same debt-buyer clientele. The C&W Defendants ask this Court to strike <u>public statements</u> made by C&W/Hanna & Associates employees that leave no room for any conclusion other than that C&W is a mere continuation of Hanna & Associates, *see* SAC ¶¶ 44–48,

---

[1] This Declaration, docketed at ECF No. 55-1, is referred to herein as the "Frank Declaration."

[2] An "objection" asking the court to disregard a declaration filed during motion practice is the functional equivalent of a motion to strike pleadings pursuant to Rule 12(f). *See Corey Airport Servs. v. City of Atlanta*, 632 F. Supp. 2d 1246, 1267 (N.D. Ga. 2008) (Pannell Jr., J.).

122,[3] subjecting them to successor liability.  Crucially, Plaintiffs' allegations are entitled to every favorable factual inference prior to discovery.[4]

When C&W moved to dismiss Plaintiffs' SAC pursuant to Rule 12(b)(6), it argued that Plaintiffs could not possibly establish a business-continuity connection between C&W and Hanna & Associates.  *See* C&W's Br. in Supp. Mot. Dismiss Second Am. Class Action Compl., at 7–9 (ECF No. 43-1).  In reply, Plaintiffs submitted to the Court the public-statement proof underpinning the SAC's mere-continuation allegations—including copies of professional resumes posted on LinkedIn by C&W/Hanna & Associates employees.  *See* Pls.' Omnibus Mem. of Law in Opp. Defs.' Mots. Dismiss SAC, at 63–68 (ECF No. 55); Frank Decl. ¶¶ 3–8 & Exs. A–F (ECF No. 55-1).

The C&W Defendants <u>do not</u> argue that these resumes are in any way untrustworthy or that they include any inaccurate information.  In fact, these resumes—which contain detailed chronological work histories, professional headshots, and firm logos for C&W and Hanna & Associates—are facially valid and self-authenticating.  *See* Fed. R. Evid. 901(b)(4), 902(7).  C&W impermissibly

---

[3]  References herein to "SAC ¶__" are to Plaintiffs' Second Amended Class Action Complaint (ECF No. 26).

[4]  *Consumer Fin. Prot. Bureau v. Frederick J. Hanna & Assocs., P.C.*, 114 F. Supp. 3d 1342, 1348 (citing *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003)) (Totenberg, J.); *see* Fed. R. Civ. P. 12(b)(6).

challenges Plaintiffs' right to submit these resumes to the Court "without any explanation for how or why" these resumes are not precisely what they appear to be. *Willis v. Goldman Sachs*, 604 F. App'x 921, 922 (11th Cir. 2015).

## II. LEGAL STANDARDS

### A. Rule 12(b)(6) Motion Practice

A court weighing a Rule 12(b)(6) motion may consider documents extrinsic to the complaint if they are central to any claim therein and their evidentiary authenticity is beyond dispute. *Willis*, 604 F. App'x at 921. The documents need not have been attached to, or specifically referenced in, the complaint in order to be "central" to one of the claims. *See id.* at 922; *see also Cortec Indus., Inc. v. Sum Holding, L.P.*, 949 F.2d 42, 48 (2d Cir. 1991).

The only purpose of the default rule <u>against</u> considering documents extrinsic to the complaint in weighing a Rule 12(b)(6) motion, is to ensure that the <u>plaintiff</u> is not surprised by new facts—a result that would undermine the plaintiff's entitlement to favorable factual inferences. *See Cortec Indus., Inc.*, 949 F.2d at 48.[5]

---

[5] In fact, even if the defendant does properly call into question the veracity of certain facts as alleged by the plaintiff, the plaintiff is entitled to discovery on that issue before the Court addresses it. *Cf. Botero v. S. Fla. Pain & Rehab. Ctr. Corp.*, No. 12-20924-CIV-MORENO, 2012 U.S. Dist. LEXIS 118145, at *9–11 (S.D. Fla. Aug. 21, 2012) (converting motion to dismiss to summary judgment motion, and

**B. Requests To Disregard Declarations**

The party seeking to have an opponent's declaration disregarded during motion practice faces "a formidable burden." *Gates v. Dist. of Columbia*, 66 F. Supp. 3d 1, 27 (D.D.C. 2014) (internal quotation marks and citation omitted). There are exceedingly few circumstances that necessitate granting such a request to disregard. *See English v. CSA Equip. Co. LLC*, No. 05-0312-WS-B, 2006 U.S. Dist. LEXIS 59718, at *10 n.5 (S.D. Ala. Aug. 21, 2006). Such requests to disregard should be succinctly stated in the main brief, and should not take the form of "a supplemental merits brief"—something that the C&W Defendants have wrongfully done here. *Id.* at *8–9; *see Circle Grp., L.L.C. v. Se. Carpenters Reg'l Council*, 836 F. Supp. 2d 1327, 1348 (N.D. Ga. 2011) (Duffey Jr., J.).

**C. Authenticating Evidence**

Under Federal Rule of Evidence 901, a document is authenticated if there is prima facie proof "that the item is what the proponent claims it is." Fed. R. Evid. 901(a); *see George Russell, Sr. Living Tr. v. Perkins (In re Int'l Mgmt. Assocs., LLC)*, 781 F.3d 1262, 1267 (11th Cir. 2015) (party submitting documents "need[s]

---

granting plaintiff discovery); *Datacom Warranty Corp. v. Phone Connection of Kan.*, No. 1:06-CV-01835-MHS, 2006 U.S. Dist. LEXIS 76622, at *9–13 (N.D. Ga. Oct. 20, 2006) (Shoob, J.) (granting plaintiff discovery before ruling on disputed mere-continuation allegations).

5

to establish only a prima facie case that they are what he claims they are"); *see also* Fed. R. Evid. 201(b) (courts may judicially notice facts "not subject to reasonable dispute"). One method of satisfying this minimal burden is to identify "distinctive characteristics" within a document that constitute circumstantial proof that the document is what it appears to be. Fed. R. Evid. 901(b)(4). Similarly, documentary evidence is self-authenticating when it bears trade insignia "indicating origin, ownership, or control." Fed. R. Evid. 902(7).

### III. ARGUMENT

The C&W Defendants' Objection amounts to a misguided, and procedurally improper, attempt to weaken Plaintiffs' claims against the C&W Defendants, particularly their mere-continuation allegation. This Court may consider the professional resumes in question here, because they reflect factual allegations central to those claims. Even assuming that this Court deems it appropriate to scrutinize the authenticity of these resumes, the C&W Defendants' Objection still must be rejected, as they do not, and cannot, argue that these resumes are anything other than what they appear to be—factual recitations of these employees' work histories written, and published, by the employees themselves. Further, even if there were any question about the veracity of these resumes, Plaintiffs are entitled to discovery inasmuch as these resumes reflect that C&W is a mere continuation of

Hanna & Associates.

### A. The Resumes Reflect Central Factual Allegations

This Court may consider the resumes in question here, though they were not specifically identified in Plaintiffs' SAC, because they are public records that underpin factual allegations central to one of Plaintiffs' claims. *Willis*, 604 F. App'x at 921.

The C&W Defendants incorrectly argue that the resumes in question are, somehow, not central to Plaintiffs' mere-continuation claim, because they were not specifically mentioned in the SAC. (C&W Defs.' Obj., at 3). In reality, however, this claim was made after Plaintiffs discovered that C&W/Hanna & Associates personnel made <u>public statements</u> demonstrating that C&W employs the <u>same</u> attorneys and support staff as did Hanna & Associates.[6] The C&W Defendants might not like the picture that these resumes paint, but they cannot ask this Court to disregard these resumes "without [offering] any explanation for how or why [they] came to exist . . . ." *Willis*, 604 F. App'x at 922.

---

[6] Also cited in Plaintiffs' opposition brief are business-incorporation filings that likewise demonstrate that Cooling and Winter set up C&W as a mere continuation of Hanna & Associates. *See* Pls.' Omnibus Mem. in Opp., at 65 n.45; Frank Decl. ¶ 9 & Ex. G. However, these documents are not addressed in the Objection.

7

## B. The Resumes' Authenticity Is Beyond Dispute

Conspicuously absent from the C&W Defendants' Objection is any argument as to how these resumes are inauthentic. *See* Fed. R. Evid. 901(a), -(b)(4); 902(7). Instead, the C&W Defendants argue that Plaintiffs must undertake a burdensome authentication process before submitting these resumes to this Court. (C&W Defs.' Obj., at 3–5).

This argument finds no support in the law. In considering material produced from the Internet, courts "allow[] circumstantial indicia of authenticity, such as a date and web address on a webpage printout . . . to substantiate a reasonable conclusion of authenticity under Fed. R. Evid. 901." *Mobile Telecomms. Techs., LLC v. United Parcel Serv., Inc.*, No. 1:12-cv-03222-AT, 2015 U.S. Dist. LEXIS 180462, at *25–26 (N.D. Ga. Mar. 25, 2015) (Dyer, Sp.M.); *see also* Fed. R. Evid. 901(b)(4) (permitting authentication circumstantially, through "distinctive characteristics"); Fed R. Evid. 902(7) permitting authentication based on presence of trade insignia).[7]

---

[7] "As the Second Circuit [has] observed, evidence may be authenticated in many ways and the type and quantum of evidence necessary to authenticate a web page will always depend on context. . . . The Second Circuit has also expressed skepticism that authentication of evidence derived from the Internet require[s] greater scrutiny than authentication of any other record." *United States v. Ulbricht*, 79 F. Supp. 3d 466, 488 (S.D.N.Y. 2015) (internal quotation marks omitted) (citing *United States v. Vayner*, 769 F.3d 125, 131 n.5, 133 (2d Cir. 2014)).

The copies of the LinkedIn resumes in question all bear dates and web addresses demonstrating their authenticity. *See Mobile Telecomms. Techs., LLC*, 2015 U.S. Dist. LEXIS 180462, at *25–26; Frank Decl. Exs. A–F. Further, all of the documents contain "distinctive characteristics" in the form of detailed employment chronologies; the majority contain distinctive professional headshots. *See* Fed. R. Evid. 901(b)(4); *see also United States v. Siddiqui*, 235 F.3d 1318, 1322–23 (11th Cir. 2000) (allowing email to be authenticated circumstantially, based on distinctive characteristics including defendant's email address and content as to which defendant was uniquely knowledgeable). Finally, all but one of these resumes contain the corporate logos for C&W and/or Hanna & Associates, which means that C&W/Hanna & Associates has permitted and encouraged these employees to link their individual professional profiles to the firm's own corporate LinkedIn page. *See* Fed. R. Evid. 902(7) (authentication through trade insignia); *cf. Linde v. Arab Bank, PLC*, 97 F. Supp. 3d 287, 338 (E.D.N.Y. 2015) (authentication of websites based on presence of organization's official logos).

In short, there is no "<u>reasonable</u> dispute" over these resumes' authenticity. Fed. R. Evid. 201(b) (emphasis added). It is preposterous (not to mention antiquated) for the C&W Defendants to contend that copies of Internet-based content such as the resumes here are inherently unreliable, when such copies are

"the only practical method by which" Plaintiffs can present Internet-based evidence to the Court at this stage. *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 213 F. Supp. 2d 1146, 1154 (C.D. Cal. 2002) ("[T]here is generally a reduced evidentiary standard in pre[trial] motions . . . ."); *cf.* Fed. R. Evid. 801(d)(2)(D) (statements made by an opposing party's agents are automatically admissible as nonhearsay).

Moreover, the C&W Defendants' choice to raise a procedural evidentiary challenge here is particularly inappropriate as they themselves are best able to substantiate their employees' resumes' authenticity, but have not done so. *See Sklar v. Clough*, No. 1:06-CV-0627-JOF, 2007 U.S. Dist. LEXIS 49248, at *9 (N.D. Ga. July 6, 2007) (Forrester, J.) ("Defendants have not argued the excerpt is not an accurate depiction of what appears on [their] website. Contrary to Defendants' protestations, there are surely witnesses [under their authority] who would be able to authenticate the excerpt.").[8]

---

[8] The C&W Defendants selectively quote a portion of *Sklar* that merely paraphrases an <u>argument</u> by the defendants in that case. *Compare Sklar*, 2007 U.S. Dist. LEXIS 49248, at *3 ("In reply, <u>Defendants do contend</u> that newspaper articles are hearsay; internet web sites are not self-authenticating . . . .") (emphasis added), *with* C&W Defs.' Obj., at 4 n.6 ("See, e.g., Sklar v. Clough, 2007 U.S. Dist. LEXIS 49248, *3, 2007 WL 2049698 (N.D. Ga. July 6, 2007) ("internet web sites are not self-authenticating") . . . .").

### C. In The Alternative, Plaintiffs Are Entitled To Discovery

The C&W Defendants have not come close to satisfying their heavy burden of persuasion here. *See English*, 2006 U.S. Dist. LEXIS 59718, at *9–10 ("That defense counsel may disagree with plaintiff's counsel's statements is not a proper justification for" disregarding a filing-in-opposition.). Further, they have impermissibly submitted their "objection" in the form of a supplemental brief. *See id.* at *8–9; *Circle Grp., L.L.C.*, 836 F. Supp. 2d at 1348.

Yet even if the Court believes there are authenticity issues concerning these resumes, Plaintiffs should be afforded discovery on that issue before any ruling on the mere-continuation claim. *Cf. Botero*, 2012 U.S. Dist. LEXIS 118145, at *9–11 (converting motion to dismiss to summary judgment motion, and granting plaintiff discovery); *Datacom Warranty Corp.*, 2006 U.S. Dist. LEXIS 76622, at *9–13 (granting plaintiff discovery before ruling on disputed mere-continuation allegations).

## IV. CONCLUSION

For the reasons set forth above, this Court may consider the objected-to portions of and exhibits to the Frank Declaration.

Dated: April 6, 2017

Respectfully submitted,

**FRANK LLP**

 _/s/ Gregory A. Frank_
Gregory A. Frank (Pro Hac Vice)
Marvin L. Frank (Pro Hac Vice)
275 Madison Avenue, Suite 705
New York, NY 10016
Telephone: (212) 682-1853
Facsimile: (212) 682-1892
gfrank@frankllp.com
mfrank@frankllp.com

*Lead Counsel for Plaintiffs
 and the Class*

**LAW OFFICES OF
E. TALLEY GRAY**
E. Talley Gray (GA Bar No. 53660)
3449-E Lawrenceville-Suwanee Road
Suwanee, GA 30024
Telephone: (678) 428-4868
Facsimile: (800) 878-0429
talleygray@gmail.com

*Local Counsel*

## CERTIFICATION OF COUNSEL

I hereby certify that the foregoing memorandum of law has been prepared with Times New Roman, 14 point font, one of the font-and-point selections approved by LR 5.1.

                                                          Respectfully submitted,

Dated: April 6, 2017                        **FRANK LLP**

                                             /s/ *Gregory A. Frank*          .
                                            Gregory A. Frank
                                            (Pro Hac Vice)
                                            275 Madison Avenue, Suite 705
                                            New York, NY 10016
                                            Telephone: (212) 682-1853
                                            Facsimile: (212) 682-1892
                                            gfrank@frankllp.com

                                            *Lead Counsel for Plaintiffs*
                                            *and the Class*

# CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2017, I presented the foregoing document to the Clerk of Court for filing and uploading to the CM/ECF system, which will automatically send email notification of same to the following attorneys of record:

John H. Bedard, Jr.
Michael K. Chapman
Bedard Law Group, P.C.
2810 Peachtree Industrial Blvd., Ste. D
Duluth, Georgia 30097
Telephone: (678) 253-1871
jbedard@bedardlawgroup.com
mchapman@bedardlawgroup.com
*Counsel for Defendants C&W, Cooling, and Winter*

Robert Frank Springfield
Rachel Ross Friedman
John O'Shea Sullivan
Burr & Forman LLP
171 17th St., NW, Ste. 1100
Atlanta, Georgia 30063
Telephone: (404) 815-3000
fspringf@burr.com
ssullivan@burr.com
rfriedman@burr.com
*Counsel for Encore Defendants*

W. Pitts Carr
Alex D. Weatherby
Carr & Weatherby, LLP
10 North Parkway Square
4200 Northside Parkway NW
Atlanta, Georgia 30327
Telephone: (404) 442-9000
pcarr@wpcarr.com
aweatherby@wpcarr.com
*Counsel for Defendant Hanna*

    /s/ Gregory A. Frank
    Gregory A. Frank
    (Pro Hac Vice)
    gfrank@frankllp.com