IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CARTER MASON, individually and on behalf of all others similarly situated, | : : : : | |
| Plaintiffs, | : : | CIVIL ACTION NO. |
| vs. | : : | 1:16-CV-2867-CC |
| MIDLAND FUNDING LLC, *et al.*, | : : | |
| Defendants. | : | |

**ORDER**

The above-styled action, which arises out of various debt collection lawsuits that the defendants in this action brought against the plaintiffs and others similarly situated from January 1, 2009, through the present, is before the Court on the Non-Final Report and Recommendation (the "R&R") [Doc. No. 70] issued by Magistrate Judge Russell G. Vineyard on July 27, 2017. The R&R includes recommendations concerning motions to dismiss the Second Amended Class Action Complaint of Plaintiffs Carter Mason ("Mason"), Sean Huffman ("Huffman"), Jorge Vega ("Vega"), Jacqueline Rooks ("Rooks"), and Anita Burnett ("Burnett"), individually and on behalf of all others similarly situated, (collectively referred to herein as "Plaintiffs"). Magistrate Judge Vineyard recommends that: (1) the Motion to Dismiss of Fredrick J. Hanna [Doc. No. 41] be granted in part and denied in part; (2) Defendant Cooling and Winter, LLC's Motion to Dismiss the Second Amended Class Action Complaint [Doc. No. 43] be granted in part and denied in part; (3) Encore Capital Group, Inc., Asset Acceptance Capital Corp., Asset Acceptance, LLC, Midland Funding, LLC and Midland Credit Management, Inc.'s Partial Motion to Dismiss for Failure to State a Claim [Doc. No. 46] be granted in part and denied in part; (4) Encore Capital Group, Inc.'s and Asset Acceptance Capital Corp's Motion to Dismiss for Lack of Personal Jurisdiction [Doc. No. 47] be denied without

prejudice; (5) Encore Capital Group, Inc., Asset Acceptance Capital Corp., Asset Acceptance, LLC, Midland Funding, LLC, and Midland Credit Management, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction [Doc. No. 48] be granted; and Defendant Joseph C. Cooling and Robert A. Winter, LLC's Motion to Dismiss the Second Amended Class Action Complaint [Doc. No. 49] be granted in part and denied in part.

In response to the R&R, several parties have filed timely objections.  Hence, in addition to the R&R, pending before the Court are the following: (1) Defendants' Joseph C. Cooling and Robert A. Winter's Objections to Report and Recommendation [Doc. No. 72]; (2) Hanna's Objection to Magistrate Judge's Non-Final Report, Recommendation, and Order [Doc. No. 73] and (3) Plaintiffs' Objections to the Magistrate Judge's Non-Final Report, Recommendation, and Order Concerning Defendants' Motion to Dismiss [Doc. No. 74].  Responses to these objections also have been filed.  (Doc. Nos. 75, 76, 77, & 79.)

## I.   STANDARD OF REVIEW

After reviewing a magistrate judge's findings and recommendations submitted pursuant to 28 U.S.C. § 636(b)(1)(B), a district judge may accept, reject, or modify the findings or recommendations. 28 U.S.C. § 636(b)(1). A party challenging a report and recommendation must "file . . . written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." Macort v. Prem, Inc., 208 F. App'x 781, 783 (11th Cir. 2006) (citation and internal quotation marks omitted); see also Fed. R. Civ. P. 72(b)(2).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted).  The district judge must "give fresh consideration to those issues to which specific objection has been made by a party." Id.  "Frivolous, conclusive, or general objections need not be considered by

the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted). Those portions of a report and recommendation to which an objection has not been made are reviewed for plain error. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

## II.    DISCUSSION

This Court has thoroughly reviewed and considered the R&R, the objections to the R&R, all briefs filed in connection with the pending motions and objections, the relevant legal authorities cited in the R&R and relied on by the parties, and the allegations set forth in the Second Amended Class Action Complaint. Having freshly considered those issues that are the subject of the parties' respective objections, the Court finds no errors in Magistrate Judge Vineyard's detailed and well-reasoned analysis, except that the Court agrees with Defendant Fredrick J. Hanna ("Hanna") that any claims asserted by Plaintiffs Huffman and Burnett against Defendant Hanna are due to be dismissed because Plaintiffs Huffman and Burnett fail to make any allegations in the Second Amended Class Action Complaint against Defendant Hanna or anyone working for Fredrick J. Hanna & Associates.[1] The Court addresses the other objections below.

### A.    Objection of Defendants Joseph C. Cooling and Robert A. Winter

Defendants Joseph C. Cooling ("Cooling") and Robert A. Winter ("Winter") object only to the portion of the R&R denying their motion to dismiss Plaintiff Mason's claims under the FDCPA. Defendants Cooling and Winter assert that (1) Plaintiff Mason specifically identified others who took action against him in violation of the statute and (2) it was error for Magistrate Judge Vineyard to rely on allegations he found to be defective as the basis for denying Defendants Cooling and Winter's request for dismissal.

---

[1] Footnote 35 of the R&R is hereby modified to include the dismissal of these claims against Defendant Hanna.

The Court's review of the Second Amended Class Action Complaint informs that there are sufficient allegations against Defendants Cooling and Winter to enable Plaintiff Mason to state a claim against them individually. Defendants Cooling and Winter, as managing partners of a debt-collection law firm, are alleged to have set the policy and procedures pursuant to which attorney employees at the law firm ultimately carried out alleged FDCPA violations. (See Doc. No. 26 ¶¶ 51-54.) That another attorney who worked at the firm was specifically identified elsewhere in the Second Amended Class Action Complaint as performing the act(s) in furtherance of the alleged FDCPA violations does not absolve Defendants Cooling and Winter of liability. See LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1201-02 (11th Cir. 2010) (holding general partners in debt-collecting firm liable for FDCPA violations, regardless of whether they were debt collectors or violated the FDCPA themselves). Defendants Cooling and Winter have not cited any authority in their objections that supports the proposition that they cannot or should not be held liable as managing partners of the law firm. Accordingly, the Court overrules their objection to the R&R.

      B.    Defendant Hanna's Objections

          1.    *Relation Back of Second Amended Class Action Complaint*

Defendant Hanna objects to the finding in the R&R that Plaintiff Mason's claim against Defendant Hanna relates back under Federal Rule of Civil Procedure 15(c) and is therefore timely. In support of this objection, Defendant Hanna argues that Plaintiff Mason has failed to prove that (1) Defendant Hanna received notice within 90 days of the original Complaint and (2) Defendant Hanna knew or should have known within 90 days that Plaintiff Mason mistakenly failed to name him.

Defendant Hanna did not present these arguments in either the Memorandum of Law in Support of Fredrick J. Hanna's Motion to Dismiss [Doc. No. 41-1] or the Reply Brief in Support of Fredrick J. Hanna's Motion to Dismiss [Doc. No. 57]. This Court generally does not consider issues raised in objections to a report and

recommendation that were not first presented to the magistrate judge. See Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding that "a district judge has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge"). Because Defendant Hanna did not make the above-mentioned arguments in his briefing on the motion to dismiss before Magistrate Judge Vineyard, the Court will not consider these arguments in the first instance here.

### 2. *Failure to Meet Iqbal Standards*

Defendant Hanna next objects to the R&R on the ground that Magistrate Judge Vineyard did not address Defendant Hanna's arguments that the Second Amended Class Action Complaint failed to meet the standards articulated in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The Court is of the opinion that Plaintiff Mason has presented "sufficient factual matter" to "allow[] the court to draw the reasonable inference that [Defendant Hanna] is liable for the misconduct alleged." Id. at 678. In this regard, the Second Amended Class Action Complaint includes allegations that: (1) Defendant Hanna has regularly collected or attempted to collect, directly or indirectly, debts owed or due or asserted to be owed or due another through consumer-debt-collection litigation, including against Plaintiffs; (2) Defendant Hanna, as the president and principal owner of Fredrick J. Hanna & Associates, P.C., contributed to setting the policy and procedures pursuant to which legal violations were carried out; and (3) Defendant Hanna, upon information and belief, managed attorney employees at Fredrick J. Hanna & Associates, P.C., who committed the legal violations complained of in the Second Amended Class Action Complaint. (Doc. No. 26 ¶¶ 49-50.) Plaintiff Mason then alleges that an attorney employed by Fredrick J. Hanna & Associates, P.C. filed a Statement of Claim against him on behalf of Encore Capital. (Id. ¶ 128.) These allegations are sufficient to withstand Defendant Hanna's motion to dismiss, as they satisfy Federal Rule of Civil Procedure 8(a) and the standards articulated in Iqbal.

### 3. *Failure to Obtain Court Order Adding Hanna as a Defendant*

Defendant Hanna's final objection is to the finding in the R&R that Defendant Hanna was properly added as a party because "the second amended class action complaint was filed with the written consent of the defendants who were in the case at that time." (Doc. No. 70 at 31 n.12.)  The Court acknowledges that some courts have held unequivocally that a court order is required to add or drop parties.  See, e.g., Ed Miniat, Inc. v. Globe Life Ins. Group, Inc., 805 F.2d 732, 736 (7th Cir. 1986) ("Although Federal Rule of Civil Procedure 15(a) permits a party to freely amend its complaint in a timely fashion ... Rule 21 requires a court order to add or drop parties."); Spencer v. Dixon, 290 F. Supp. 531, 535 (W.D. La. 1968) (holding that joinder of parties in amended complaint was improper because no request was made for an order permitting addition of parties).  However, there are other courts that allow the addition of a party by consent, as Magistrate Judge Vineyard did in this case.  See, e.g., Wiwa v. Royal Dutch Petroleum Co., Nos. 96 Civ. 8386(KMW)(HBP), 01 Civ. 1909(KMW)(HBP), 02 Civ. 7618(KMW)(HBP), 2009 WL 464946, at *2 n.3 (S.D.N.Y. Feb. 25, 2009).  Moreover, had Plaintiffs moved the Court for leave to add Defendant Hanna as a party, rather than relying on the consent of the defendants who were in the case at that time, the Court would have granted the motion.  Indeed, Magistrate Judge Vineyard implicitly approved the addition of Defendant Hanna to the case. (See Doc. Nos. 34 & 35.)  Therefore, Plaintiffs' failure to obtain an order approving the addition of Hanna as a defendant does not warrant dismissal of Defendant Hanna from the case, as this is a correctable defect.  See Streeter v. Sheriff of Cook Cty., 256 F.R.D. 609, 613 n.1 (N.D. Ill. 2009); Pethtel v. Washington Cty. Sheriff's Office, No. 2:06-cv-799, 2007 WL 2359765, at *3-4 (S.D. Ohio Aug. 16, 2007); cf. Karsten Mfg. Corp. v. U.S. Golf Ass'n, 728 F. Supp. 1429, 1432 (D. Ariz. 1990).

### C. Plaintiffs' Objections

Plaintiffs disagree with the analysis in the R&R of the RICO claims and the

Rooker-Feldman and equitable tolling issues. This Court's analysis of those issues mirrors Magistrate Judge Vineyard's, as the conclusions he reached are amply supported by the binding and persuasive cases cited in the R&R and by a careful review of Plaintiffs' actual allegations in the Second Amended Class Action Complaint. As explained by Magistrate Judge Vineyard in the R&R and by certain of the defendants in Hanna's Response in Opposition to Plaintiff's Objection to Magistrate Judge's Non-Final Report, Recommendation, and Order [Doc. No. 75] and in Encore Capital Group, Inc., Asset Acceptance Capital Corp., Asset Acceptance, LLC, Midland Funding, LLC, and Midland Credit Management, Inc.'s Response to Plaintiff's Objections to Report and Recommendation [Doc. No. 79], most of the authorities relied on by Plaintiffs in their objections are factually distinguishable in significant respects from the instant case, inconsistent with binding or the weight of persuasive authority in the Eleventh Circuit, and/or contain only dicta with respect to the legal propositions for which Plaintiffs rely on the cases. In light of Magistrate Judge Vineyard's careful and correct analysis in the R&R, with which this Court fully agrees, detailing the analysis again here is unnecessary. Plaintiff's objections to the application of the Rooker-Feldman doctrine, the denial of equitable tolling, and the dismissal of the RICO claims are overruled.

Moreover, Magistrate Judge Vineyard correctly found that the Second Amended Class Action Complaint is a quintessential shotgun pleading. Notably, Plaintiffs incorporate into each cause of action all preceding allegations by reference and Plaintiffs often lump all Defendants together, without making any attempt to specify only those allegations that are relevant to each specific cause of action or which defendant is responsible for each alleged unlawful act. However, because there were challenges to the Second Amended Class Action Complaint on the merits, which Magistrate Judge Vineyard was able to address, the Court finds no error in Magistrate Judge Vineyard's decision not to order a repleader and to

proceed with addressing the merits of Plaintiffs' claims.

## III.   CONCLUSION

Based on the foregoing, the Court **ADOPTS** the R&R as the opinion of this Court, except that the Court **MODIFIES** the R&R to dismiss any claims asserted by Plaintiffs Huffman and Burnett against Defendant Hanna.  Insofar as the Court otherwise finds that the R&R is correct both in fact and in law and that the objections raised by the respective parties are due to be overruled, the Court **DENIES without prejudice** Encore Capital Group, Inc.'s and Asset Acceptance Capital Corp's Motion to Dismiss for Lack of Personal Jurisdiction [Doc. No. 47], **GRANTS** Encore Capital Group, Inc., Asset Acceptance Capital Corp., Asset Acceptance, LLC, Midland Funding, LLC, and Midland Credit Management, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction [Doc. No. 48], and **GRANTS in part** and **DENIES in part** the motions to dismiss for failure to state a claim [Doc. Nos. 41, 43, 46, & 49].

SO ORDERED this 29th day of September, 2017.

*s/   CLARENCE COOPER*
CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE