# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CARTER MASON, individually and on behalf of all others similarly situated, ) ) ) | CIVIL ACTION NO. 1:16-cv-02867-CC-RGV |
| Plaintiffs, ) ) | |
| v. ) ) | |
| MIDLAND FUNDING, LLC, ENCORE CAPITAL GROUP, INC., MIDLAND CREDIT MANAGEMENT, INC., and COOLING & WINTER LLC, ) ) ) ) ) | FILED VIA ECF |
| Defendants. ) ) | |

**PLAINTIFFS' OPPOSITION TO
DEFENDANTS ENCORE CAPITAL GROUP, INC.,
MIDLAND FUNDING, LLC, MIDLAND CREDIT MANAGEMENT, INC.,
ASSET ACCEPTANCE, LLC, ASSET ACCEPTANCE CAPITAL CORP.,
COOLING & WINTER, LLC, JOSEPH C. COOLING,
ROBERT A. WINTER, AND FREDERICK J. HANNA'S
MOTION TO STAY THE CASE PENDING
RESOLUTION OF THEIR APPEAL OF THIS COURT'S ORDER
DENYING THEIR MOTIONS TO COMPEL ARBITRATION**

Plaintiffs Carter Mason and Anita Burnett, by and through their undersigned counsel, respectfully submit this Opposition to Defendants Encore Capital Group, Inc. ("ECG"), Midland Funding, LLC ("MF"), Midland Credit Management, Inc. ("MCM"), Asset Acceptance, LLC, and Asset Acceptance Capital Corp. (together,

"Encore"); Cooling & Winter, LLC ("C&W"); Joseph C. Cooling and Robert A. Winter; and Frederick J. Hanna's (collectively, "Defendants") motion (ECF No. 160) to stay all aspects of this case, including discovery on the merits, pending their appeal of this Court's denial of their motions to compel arbitration (the "Arbitration Denial") (ECF No. 158).

Defendants' stay motion must be denied because their appeal is frivolous. There is little chance that the Eleventh Circuit will overturn this Court's Arbitration Denial. Rather, Defendants' appeal is simply part of their frivolous litigation strategy of delaying this already ancient case.

Moreover, limited discovery while the appeal pends would make the pursuit of justice more efficient, not less. The limited discovery requested would occur in either forum, and therefore is not wasteful or duplicative. Moreover, the evidence in Defendants' possession concerning Plaintiffs' claims has already been gathered for production: Defendants recently produced it to the federal government. Defendants will have to provide this evidence to Plaintiffs at some point, even if Plaintiffs' claims were transferred to arbitration. Why not now?

## I. LEGAL STANDARDS

Even if a defendant may appeal an interlocutory issue such as arbitration, the litigation as a whole should not be stayed where "there is no colorable appealable

2

issue on Plaintiff's primary claims" or where the defendant is engaging in delay tactics. *Rigdon v. Georgia Bd. of Regents*, No. CV406-240, 2008 U.S. Dist. LEXIS 59422, at *6 (S.D. Ga. Aug. 4, 2008) ("*Rigdon I*"); *Rigdon v. Georgia Bd. of Regents*, 594 F. Supp. 2d 1312, 1319 (S.D. Ga. 2008) ("*Rigdon II*"); *see Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251 (11th Cir. 2004) (only "<u>non-frivolous</u>" appeals of arbitration denials merit stays of broader litigation (emphasis added)).

The purpose of a litigation stay pending appeal is to ensure judicial economy. *Blinco*, 366 F.3d at 1251. However, the interests of judicial economy are not necessarily furthered by a stay—for example, where the requested discovery would occur anyway in either forum in arbitration, precluding duplicative discovery. *Cf. Branch v. Ottinger*, No. 2:10-CV-128-RWS, 2010 U.S. Dist. LEXIS 109966, at *9 (N.D. Ga. Sept. 27, 2011) ("*Branch I*") (Courts should "encourage[]" "coordination between litigation and arbitration discovery.").[1] Thus, <u>no stay</u> is warranted where the parties would have to perform the same tasks

---

[1] *See generally Intertec Contracting A/S v. Turner Steiner Int'l, S.A.*, No. 98 Civ. 9116 (CSH), 2001 U.S. Dist. LEXIS 9950, at *22 n.4 (S.D.N.Y. July 17, 2001) ("[D]istrict courts [enjoy] discretion to take action during the pendency of the appeal, so long as it is very carefully exercised and in a distinctly limited fashion." (internal quotation marks and record citation omitted)).

whether they proceed in district court or in arbitration. *Cf. Branch I*, 2010 U.S. Dist. LEXIS 109966, at *9.

II. **ARGUMENT**

A. *Defendants' Stay Motion Is Meritless Because Their Appeal Involves No Colorable Issues*

Defendants' attempt to stay this litigation pending appeal of the Arbitration Denial must be rejected, because their appeal will not involve any "colorable appealable issue on Plaintiff[s'] primary claims." *Rigdon I*, 2008 U.S. Dist. LEXIS 59422, at *6. There is no aspect of the Arbitration Denial that qualifies as a colorable appellate issue. Indeed, the deferential standards of review that the Eleventh Circuit will follow demand affirmance of this Court's rulings.

The Arbitration Denial was based on (1) this Court's application of Utah law and (2) this Court's evidentiary factfinding concerning arbitration. Specifically, this Court correctly applied Utah law's high evidentiary threshold for proving an arbitration agreement, and found that Defendants could not present admissible proof—i.e., direct evidence based on personal knowledge—that arbitration agreements existed against Plaintiffs. *See* Arb. Den. at 4–13.[2]

---

[2] References herein to "Arb. Den. at __" are to this Court's Arbitration Denial decision.

4

These key aspects of the Arbitration Denial will easily withstand appellate challenge because they were not clearly erroneous. *See Grupo Televisa, S.A. v. Telemundo Commc'ns Grp., Inc.*, 485 F.3d 1233, 1239–40 (11th Cir. 2007) (applying "clearly erroneous" standard of review to district court's fact-finding and choice-of-law decision); *Nelson v. Freightliner, LLC*, 154 F. App'x 98, 102 (11th Cir. 2005) (same standard applied to district court's evidentiary rulings).[3]

Defendants fail to argue that any part of the Arbitration Denial is clearly in error. Dfts.' Mot. at 3–5.[4] Because they cannot do so, their appeal is fatally frivolous. *See Branch v. Ottinger*, No. 2:10-CV-128-RWS, 2012 U.S. Dist. LEXIS 65549, at *6–7 (N.D. Ga. May 9, 2012) ("*Branch II*") (stay motion rejected where movants failed to show non-frivolity of appeal).

B. *Defendants' Stay Motion Is A Frivolous Attempt To Delay*

Defendants' stay motion should be denied, because the purpose of Defendants' appeal is to try to further delay discovery in this two-year-old

---

[3] This deference is distinguishable from *Bazemore v. Jefferson Capital Systems, LLC*, 827 F.3d 1325 (11th Cir. 2016), in which the Eleventh Circuit conducted *de novo* review of the defendant's arbitration motion, where the district court had failed to perform any fact-finding concerning the purported evidence of an arbitration agreement. *Id.* at 1327–28.

[4] References herein to "Dfts.' Mot. at __" are to Defendants' instant motion to stay the case (ECF No. 160).

litigation. *See Rigdon II*, 594 F. Supp. 2d at 1319 (rejecting stay motion where "appeal is taken primarily for the purposes of delay"). Because of the low probability of success on the merits, there can be no other purpose.

After Plaintiffs initiated this action, Defendants litigated for more than a year, including extensive Rule 12 motion practice. *See generally* ECF Nos. 46–62. It was only after Defendants' Rule 12 motions as to these Plaintiffs were denied, and discovery as to their claims was about to begin, that Defendants first argued that either is subject to arbitration. *See* ECF Nos. 93, 96, 98. Following this Court's Arbitration Denial, Plaintiffs contacted Defendants about reinitiating the discovery process. *See* ECF No. 158. Defendants refused, and then filed the instant stay motion at the same time as they noticed their appeal. *See* ECF Nos. 159–160.

Given "Defendants' conduct throughout the case, and the largely-frivolous nature of [their] appeal as a whole, th[is] Court [should] conclude[] that Defendants are seeking this appeal primarily for the purposes of delay." *Rigdon II*, 594 F. Supp. 2d at 1319 (denying stay motion).

*C. A Stay Here Would Undermine Judicial Economy*

Defendants' stay motion must be denied because continuing this litigation now will trigger none of the judicial-economy concerns that would necessitate a

stay pending appeal. *See Branch II*, 2012 U.S. Dist. LEXIS 65549, at *7 (denying stay pending frivolous appeal); *Branch I*, 2011 U.S. Dist. LEXIS 109966, at *9 ("[T]he Court encourages" "coordination between litigation and arbitration discovery.").

Defendants argue without basis that "any discovery conducted in this Court will have to be repeated in arbitration if this Court's [Arbitration Denial] is reversed," thus making a stay necessary as a matter of judicial economy. Dfts.' Mot. at 5–6.

This is incorrect. Plaintiffs are entitled to discovery on their claims—that Defendants prosecuted state-court collection actions in bad faith—whether they proceed in this Court, or in the arbitration forum to which Defendants want the claims transferred. *See* Fed. R. Civ. P. 26(b) (allowing plaintiffs discovery of documents and information relevant to their claims); *accord* Consumer Arbitration Rule 22, Am. Arb. Ass'n (2018)[5] (guaranteeing consumers access to the business's documents and other information, such that their claims are arbitrated in a "fundamentally fair process").

Moreover, Defendants are already in a position to produce the discovery

---

[5] The American Arbitration Association's Consumer Arbitration Rules may be viewed at: https://www.adr.org/sites/default/files/Consumer_Rules_Web_0.pdf.

7

relevant to Plaintiffs' claims, at the mere click of a button. This is because Defendants recently had to provide to the federal government documents and information concerning their targeting of consumers including Plaintiffs, as part of the Consumer Financial Protection Bureau's ("CFPB") proceedings against Defendants for prosecuting state-court lawsuits in bad faith. *See generally In re Encore Capital Grp., Inc. et al.*, Admin. Proc. No. 2015-CFPB-0022 (Consumer Fin. Prot. Bureau); *Consumer Fin. Prot. Bureau v. Frederick J. Hanna & Assocs., P.C. et al.*, No. 1:14-CV-2211-AT (N.D. Ga.).

Judicial economy is an important consideration in deciding what to do with a litigation pending appeal of an arbitration denial. *See Blinco*, 366 F.3d at 1252. Here, Defendants will <u>have</u> to produce discovery relevant to Plaintiffs' claims at some point—under the supervision of this Court, or (theoretically) in arbitration. It will be more efficient to begin discovery here and now; in the unrealistic event that Plaintiffs' claims are transferred to arbitration, the parties could at that time "coordinat[e] between litigation and arbitration discovery." *Branch I*, 2011 U.S. Dist. LEXIS 109966, at *9.

### III. CONCLUSION

For the reasons set forth above, this Court should deny Defendants' motion to stay.

Dated: October 4, 2018                    Respectfully submitted,

**FRANK LLP**

 /s/ Gregory A. Frank
Gregory A. Frank (Pro Hac Vice)
Marvin L. Frank (Pro Hac Vice)
370 Lexington Avenue, Suite 1706
New York, NY 10017
Telephone: (212) 682-1853
Facsimile: (212) 682-1892
gfrank@frankllp.com
mfrank@frankllp.com

*Lead Counsel for Plaintiffs
 and the Class*

**LAW OFFICES OF
E. TALLEY GRAY**
E. Talley Gray (GA Bar No. 533660)
3449-E Lawrenceville-Suwanee Road
Suwanee, GA 30024
Telephone: (678) 428-4868
Facsimile: (800) 878-0429
talleygray@gmail.com

*Local Counsel*

## CERTIFICATION OF COUNSEL

I hereby certify that the foregoing memorandum of law has been prepared with Times New Roman, 14 point font, one of the font-and-point selections approved by LR 5.1.

Respectfully submitted,

Dated: October 4, 2018

**FRANK LLP**

 /s/  *Gregory A. Frank*
Gregory A. Frank
(Pro Hac Vice)
370 Lexington Avenue, Suite 1706
New York, NY 10017
Telephone: (212) 682-1853
Facsimile: (212) 682-1892
gfrank@frankllp.com

*Lead Counsel for Plaintiffs
and the Class*

# CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2018, I presented the foregoing document to the Clerk of Court for filing and uploading to the CM/ECF system, which will automatically send email notification of same to the following attorneys of record:

| | |
|---|---|
| John H. Bedard, Jr.<br>Michael K. Chapman<br>Bedard Law Group, P.C.<br>2810 Peachtree Industrial Blvd., Ste. D<br>Duluth, Georgia  30097<br>Telephone:  (678) 253-1871<br>jbedard@bedardlawgroup.com<br>mchapman@bedardlawgroup.com<br>*Counsel for Defendants C&W,*<br>*Cooling, and Winter* | Robert Frank Springfield<br>Rachel Ross Friedman<br>John O'Shea Sullivan<br>Burr & Forman LLP<br>171 17th St., NW, Ste. 1100<br>Atlanta, Georgia  30063<br>Telephone:  (404) 815-3000<br>fspringf@burr.com<br>ssullivan@burr.com<br>rfriedman@burr.com<br>*Counsel for Encore Defendants*<br><br>W. Pitts Carr<br>Alex D. Weatherby<br>Carr & Weatherby, LLP<br>10 North Parkway Square<br>4200 Northside Parkway NW<br>Atlanta, Georgia  30327<br>Telephone:  (404) 442-9000<br>pcarr@wpcarr.com<br>aweatherby@wpcarr.com<br>*Counsel for Defendant Hanna* |

      /s/  Gregory A. Frank
     Gregory A. Frank
     (Pro Hac Vice)
     gfrank@frankllp.com