# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CARTER MASON, individually and on behalf of all others similarly situated, ) ) ) ) Plaintiff, ) ) v. ) ) ) MIDLAND FUNDING, LLC, ENCORE ) CAPITAL GROUP, INC., MIDLAND ) CREDIT MANAGEMENT, INC., ) COOLING & WINTER, LLC, ASSET ) ACCEPTANCE CAPITAL CORP., et al., ) ) Defendants. | CIVIL ACTION NO. 1:16-cv-02867-LMM-RGV |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY CASE PENDING APPEAL

COME NOW defendants Midland Funding, LLC, Encore Capital Group, Inc., Midland Credit Management, Inc., Asset Acceptance Capital Corp., Asset Acceptance, LLC, Cooling & Winter, LLC, Joseph C. Cooling, Robert A. Winter, and Frederick J. Hanna (collectively, "Defendants"), and hereby file this reply in support of their Motion to Stay Case Pending Appeal, (Doc. 160). In support thereof, Defendants state as follows:

## I. INTRODUCTION

On September 20, 2018, Defendants filed a Notice of Appeal of this Court's Order denying Defendants' Motions to Compel Arbitration and to Dismiss the claims of

32468787 v1

plaintiffs Mason and Burnett, the only remaining plaintiffs in this action. (Doc. 159.) On that same date, Defendants filed a Motion to Stay Case Pending Appeal, in which Defendants requested a stay of this action pending resolution of Defendants' appeal of the arbitration order. Plaintiffs contend that a stay is not warranted because the appeal is frivolous, initiated for purposes of delay, and would undermine judicial economy. Plaintiffs are wrong.

First and foremost, Defendants' appeal is not frivolous. The best evidence that this appeal is not frivolous is Magistrate Judge Vineyard's 108-page Report and Recommendation *granting* Defendants' motions and finding sufficient evidence of arbitration agreements with Plaintiffs. Further, Plaintiffs' allegations of delay are not supported by the record, which shows that Defendants raised arbitration in their very first filings in this case. Finally, Plaintiffs' contention that judicial economy is somehow favored by conducting discovery in this Court while litigating the arbitration issue before the Eleventh Circuit, despite the fact that the Eleventh Circuit may find arbitration to be the proper forum, is not only illogical, but it also is contrary to binding Eleventh Circuit precedent. Accordingly, a stay is warranted until the arbitration issue is resolved.

## II. MEMORANDUM OF LAW

### A. Defendants' Appeal Is Far From "Frivolous."

This action must be stayed pending appeal because Defendants' appeal is not frivolous. While Plaintiffs assert that the appeal does not involve any "colorable

appealable issue," (Doc. 167 at 4), they conveniently ignore the Magistrate Judge's well-reasoned, thorough opinion that addressed and rejected every single argument raised by Plaintiffs in opposition to arbitration. (*See* Report and Recommendation, Doc. 146.) While Defendants respect the fact that this Court reached a different result than the Magistrate Judge, that fact alone actually prevents Defendants' appeal from being "frivolous."

Notably, while Plaintiffs repeatedly criticize the merits of Defendants' appeal, Plaintiffs fail to show that the appeal is in fact frivolous as defined by courts in this Circuit, *i.e.*, that the appeal is "wholly without merit, such as where the appeal is brought in the face of controlling precedent." *See Connors & Co. v. McKinley Capital Mgmt., Inc.*, No. 1:08-CV-2744-BBM, 2009 WL 10671567, at *1 (N.D. Ga. Aug. 28, 2009). This is because Plaintiffs cannot meet this high burden. Indeed, Defendants intend to show on appeal—as the Magistrate Judge concluded—that their evidence fully satisfies the evidentiary standards set forth in *Bazemore v. Jefferson Capital Systems, LLC*, 827 F.3d 1325 (11th Cir. 2015). (*See* Report and Recommendation, Doc. 146 at 36 (concluding that "defendants have provided the very evidence that the *Bazemore* court found to be lacking"); Doc. 146 at 78 n.36 ("Unlike the defendants in *Thomas* and *Bazemore*, the Encore defendants have presented evidence that the Card Agreement was mailed . . . ")).

Moreover, even this Court acknowledged that at least one of the issues that Defendants intend to raise on appeal, the validity of clickwrap arbitration agreements,

presents "a difficult state law question" over which "federal courts have split." (Doc. 158 at 6.) Where courts differ on how to approach a legal question, it cannot be said that the issue is "without even arguable merit," as is necessary to establish frivolity. *McKinley Capital Mgmt., Inc.*, 2009 WL 10671567, at *1 (quoting *United States v. Roberts*, 858 F.2d 698, 702 (11th Cir. 1988)). Rather, it indicates just the opposite. Indeed, in *Rigdon v. Georgia Board of Regents*, relied on by Plaintiffs, the court found that one of the claims at issue was appropriate for appeal because it "involve[d] a debatable question of law." *See* No. CV406-240, 2008 U.S. Dist. Lexis 59422, at *5, 2008 WL 2986389, at *2 (S.D. Ga. Aug. 4, 2008).

While the *Rigdon* court did find that other issues sought to be appealed were frivolous, the issues deemed frivolous involved attempts to challenge well-settled law, including whether racial discrimination in public employment was illegal—an issue the court noted presented a question of "patently obvious illegality." 2008 U.S. Dist. LEXIS 59422, at *3-4, 2008 WL 2986389 at *1. Moreover, the court denied the request to stay the case pending appeal of the colorable claim only after concluding that the appealable claim was "subsumed" within the non-appealable claims and would not affect the course of proceedings. *See Rigdon v. Ga. Bd. of Regents*, 594 F. Supp. 2d 1312, 1315 (S.D. Ga. Dec. 17, 2008) (noting that "even if Defendants win their appeal, they will face the exact same trial"). The court ultimately concluded that the defendants' intent to challenge such a well-settled issue as the legality of racial discrimination signified an intent to delay the

case, giving further cause to deny the stay. *Id.* at 1319, n.6. As this Court recognized in its Order, the questions to be analyzed on appeal in this case do not involve challenges to well-settled law. Accordingly, *Rigdon* is inapplicable.

Equally off-base is Plaintiffs' reliance on *Branch v. Ottinger*, No. 2:10-cv-128-RWS, 2012 U.S. Dist. LEXIS 65549, 2012 WL 1657194 (N.D. Ga. May 10, 2012) ("*Branch II*"). (Doc. 167 at 5.) In *Branch*, the court denied the plaintiffs' motion to stay the litigation pending resolution of their appeal because "the Plaintiffs made no arguments that their appeal was not frivolous." *See* 2012 U.S. Dist. LEXIS 65549, at *6-7, 2012 WL 1657194, at *3. Therefore, the court deemed the defendants' arguments that the appeal was frivolous unopposed. 2012 U.S. Dist. LEXIS 65549, at *7, 2012 WL 1657194, at *3. The court further found the appeal to be frivolous because the plaintiffs were attempting to compel a non-signatory defendant to arbitrate, yet provided no legal authority to support compelling arbitration of the claims against him. *See* 2012 U.S. Dist. LEXIS 65549, at *7, 2012 WL 1657194, at *3 (finding the appeal frivolous "for all the reasons stated in [the court's] prior order"); *Branch v. Ottinger*, No. 2:10-cv-128-RWS, 2011 U.S. Dist. LEXIS 109966, at *6 2011 WL 45000094, at *2 (N.D. Ga. Sept. 27, 2011) ("*Branch I*") (explaining that the plaintiffs "cite[d] no authority" that supported their theory of compelling arbitration). Here, in contrast, Defendants have provided ample legal authority for the appeal in their briefs in support of their motions to compel

arbitration (again, authority with which the Magistrate Judge agreed). Accordingly, the *Branch* cases are inapplicable.

Finally, Plaintiffs' contention that a "clearly erroneous" standard of review applies to a motion to compel arbitration is simply wrong. Plaintiffs seek to distinguish the *de novo* standard applied in *Bazemore* by arguing that the district court in that case "failed to perform any fact-finding concerning the purported evidence of an arbitration agreement." Doc. 167 at 5, n.3 (citing *Bazemore*, 827 F.3d at 1327-28). Nothing in *Bazemore* supports this statement. Instead, in that case, the Eleventh Circuit stated without qualification that the court "review[s] *de novo* a district court's denial of a motion to compel arbitration." *See* 827 F.3d at 1328. In fact, the *Bazemore* court applied *de novo* review to the very same type of evidence that exists here: declarations and affidavits. *See id.* at 1330-31. Accordingly, as in *Bazemore*, a *de novo* standard will apply to the Eleventh Circuit's review of this Court's arbitration order.[1]

---

[1] *Bazemore* further held that "a summary judgment-like standard is appropriate" in considering whether the movant seeking to compel arbitration has met its burden. 827 F.3d at 1333. A *de novo* standard also applies on appeals of summary judgment orders. *See Ellis v. England*, 432 F.3d 1321, 1325 (11th Cir. 2005). The cases Plaintiffs cite do not discuss the standard of review applicable to an order denying a motion to compel arbitration, and are therefore inapposite. *See* Doc. 167 at 5 (citing *Grupo Televia, S.A. v. Telemundo Commc'ns Grp., Inc.*, 485 F.3d 1233 (11th Cir. 2007) (applying *de novo* review to district court's conflict-of-laws ruling and a clearly erroneous standard to findings made by district court in support of conflict of laws ruling) and *Nelson v. Freightliner, LLC*, 154 F. App'x 98, 102 (11th Cir. Sept. 29, 2005) (applying *de novo* review to rulings on choice of law and motion for judgment as a matter of law, and abuse of discretion standard to evidentiary rulings during jury trial)).

Regardless, Defendants need not establish whether this Court's ruling was clearly erroneous in order to be entitled to a stay. (Doc. 167 at 5.) Instead, Defendants need only show that the appeal is not frivolous, which they have shown. Accordingly, "this Court should stay the litigation in the district court pending the appeal of the denial of the motion[s] to compel arbitration." *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1253 (11th Cir. 2004).

B.   **The Record Does Not Support Plaintiffs' Allegations of Delay Tactics.**

Plaintiffs' argument that Defendants are unnecessarily delaying the progress of this case can be dismissed in short order. First, Plaintiffs erroneously argue that Defendants waited to raise arbitration until their Rule 12 motions were denied. This is plainly wrong, as Defendants preserved their arbitration defense in just about every filing before this Court, including in their Rule 12 motions themselves. (Doc. 9 at 1, 10; Doc. 11 at 2; Doc. 16 at 35; Doc. 20 at 2; Doc. 23 at 36; Doc. 24 at 36; Doc. 44 at 35; Doc. 45 at 35; Doc. 46 at 1; Doc. 47 at 1; Doc. 48 at 1; Doc. 81 at 54; Doc. 82 at 2; Doc. 83 at 2; Doc. 84 at 2.) Defendants moved to compel arbitration just a little over a month after the Court's order on their motions to dismiss. (Doc. 80, Doc. 88, Doc. 93, Doc. 95, Doc. 96.) The acts of moving to compel arbitration or filing Rule 12 motions before the parties have even begun discovery do not amount to a bad faith attempt to delay.

The *Rigdon* case which Plaintiffs cite is again off-base. In that case, as discussed *supra*, the court found the defendants' intent to delay was illustrated by their desire to

appeal a question as well-settled as the legality of racial discrimination in public employment. 594 F. Supp. 2d at 1319 n.6. Additionally, the *Rigdon* defendants waited to file their notice of appeal until after the district court had issued its notice of pretrial proceedings, and the case was ready to proceed to trial, causing the court to find an intent to delay the case. *Id.* at 1315.

These factors are not present here. This appeal is not frivolous. Indeed, a Magistrate Judge of this Court has found the Defendants' position meritorious. Further, Defendants have not delayed these proceedings. Defendants filed a notice of appeal fifteen days after the Court's arbitration order was entered, even though they had thirty days to appeal. (Doc. 158, Doc. 159.) While Plaintiffs contend that Defendants "refused" to initiate discovery and instead proceeded with their notice of appeal, Defendants have the right to have the issue of the proper forum fully resolved before proceeding with discovery and thereby risk waiving their right to arbitration. *See Blinco*, 366 F.3d at 1253. Indeed, if appealing the denial of a motion to compel arbitration is considered *per se* undue delay, then no party would ever be able to obtain a stay. Furthermore, it is also to Plaintiffs' benefit to have this issue resolved at this early stage. In short, there is no merit to Plaintiffs' allegations of delay, and a stay should be granted.

### C. Conducting Discovery Before the Proper Forum is Resolved Undermines Judicial Economy and the Benefits of Arbitration.

#### 1. When Parties Agree to Arbitrate, Discovery Must Proceed Only in Arbitration.

Plaintiffs argue that discovery is inevitable and, therefore, the forum in which it occurs is irrelevant. (Doc. 167 at 3, 7-8.) This argument is a hollow one that has been rejected by numerous courts. The Eleventh Circuit has held that discovery in federal court is improper where the parties have agreed to arbitrate because "[a]n agreement to arbitrate is an agreement to proceed under arbitration and not under court rules." *Suarez-Valdez v. Shearson Lehman/American Exp., Inc.*, 858 F.2d 648, 649 (11th Cir. 1988). *Suarez-Valdez* held that a district court's order requiring discovery to proceed under the federal rules where the parties had agreed to arbitrate disputes was "in direct contravention of . . . Supreme Court precedent." *Id.* at 649 n.2.

Resolving the proper forum before conducting discovery is crucial because engaging in discovery in federal court would deprive Defendants of the benefits of their arbitration agreements. As an initial matter, both Mason and Burnett's arbitration agreements have class action waivers. Therefore, if the case proceeds in arbitration, the scope of the case will be only on an individual basis, rather than a class action basis.

Additionally, arbitration is known to provide for more relaxed and less burdensome discovery procedures than federal court, and the scope of discovery is also generally greater in federal court than in arbitration. *See St. Mary's Medical Ctr. of*

*Evansville, Inc. v. Disco Aluminum Prods. Co., Inc.*, 969 F.2d 585, 591 (7th Cir. 1992) (noting that party that waited to move to compel arbitration until after participating in discovery in federal court "was able to obtain discovery it would not necessarily have been entitled to in an arbitration proceeding"); *S. Sys., Inc. v. Torrid Oven Ltd.*, 105 F. Supp. 2d 848, 856 n. 7 (W.D. Tenn. 2000) (noting that the American Arbitration Association rules "only allow limited discovery at best"). For these reasons, discovery should be stayed so that, in the event arbitration is compelled, the parties will engage in discovery only once and only under the procedures they bargained for. *See Roadbuilders Machinery Supply Co., Inc. v. Sennebogen, Inc.*, No. 11–2681, 2012 WL 1253265, at *2 (D. Kan. Apr. 13, 2012) (rejecting the argument that a stay was not warranted because "discovery will occur regardless of whether the forum is in federal court or arbitration," and explaining that "[t]here is potential for wasted resources if the previously conducted discovery is not allowed by the arbitrator").

In *Hunt v. Munlake Contractors, Inc.*, the court rejected the same argument that Plaintiffs make here, *i.e.*, that a stay is unnecessary because "even if the motion to dismiss is granted, the controversy remains live and 'discovery will [eventually] be appropriate and allowed.'" *See* No. CV409-084, 2009 WL 10678628, at *1 (S.D. Ga. 2009). In granting the defendant's motion to stay the case, the court emphasized the difference in the potentially applicable discovery rules, reasoning that "the rules governing discovery may radically change if the motion to dismiss is granted." *Id.* The

court further stated, "Were the Court to hold otherwise, plaintiffs could purposefully choose an improper forum in order to take advantage of that forum's more liberal discovery rules, all the while knowing that the case would ultimately be transferred to another court that applies different rules." *Id.*

Here, both arbitration agreements at issue provide for the application of the rules of the American Arbitration Association (AAA). These rules delegate to the arbitrator extensive discretion regarding the scope of discovery, in contrast to the Federal Rules, which generally permit discovery on anything relevant to a party's claim or defense. *See* Fed. R. Civ. P. 26(b)(1). Additionally, the permissible methods of discovery also differ. Whereas the Federal Rules set forth detailed provisions governing the right to take depositions and serve written discovery, the AAA's rules do not. *See* AAA Consumer Arbitration Rule R-22 (providing for limited exchange of information which is silent as to any right to depositions and providing that "[n]o other exchange of information" is permitted unless determined necessary by the arbitrator); *Torrid Oven Ltd.*, 105 F. Supp. 2d at 856 n.7. Accordingly, Plaintiffs' argument that the forum is irrelevant is meritless.

### 2. Plaintiffs' Arguments Regarding Judicial Economy Are Unsupported and Illogical.

Plaintiffs' contention that a stay is not in the interest of judicial economy is incorrect. In fact, the opposite is true. The only cases Plaintiffs could muster to support such an assertion are *Branch I* and *Branch II*. (Doc. 167 at 6-8.) However, these cases

are inapplicable here. In *Branch I*, the court denied the plaintiffs' request to stay litigation against one defendant while the plaintiffs' claims against other defendants were resolved in arbitration, because "the claims are based on individual liability and there is no overlap of Defendants between forums," thereby avoiding the possibility of duplicative proceedings. 2011 U.S. Dist. LEXIS 109966, at *8, 2011 WL 45000094, at *3. In *Branch II*, the court denied the request to stay the case while the plaintiffs appealed the court's order denying their motion to compel arbitration because the plaintiffs failed to oppose the defendants' showing of frivolity. 2012 U.S. Dist. LEXIS 65549, at *6-7, 2012 WL 1657194, at *3.

Neither of these cases supports a denial of the stay here. Unlike in *Branch I*, this is not a case where a stay of claims against certain defendants is being requested while claims against the other defendants are resolved. While denying the stay in *Branch I* did not risk duplicative litigation, if the parties proceed with discovery here, and the Eleventh Circuit finds Defendants' appeal meritorious, duplicative discovery will certainly result. Notably, Plaintiffs have not cited one case that actually supports their claim that staying discovery in this context will "undermine" judicial economy. (Doc. 167 at 6-8.) This is because the weight of authority supports a stay in this context. *See Blinco*, 366 F.3d at 1253; *Lawson v. Life of S. Ins. Co.*, 738 F. Supp. 2d 1376, 1381 (M.D. Ga. 2010); *see also Holmes v. Hale*, 701 F. App'x 751 (11th Cir. June 28, 2017) (unpublished) (per curiam) (noting that because the doctrine of immunity "protected [the defendants] from

having to bear the burdens of litigation, including discovery," the district court properly denied the plaintiffs' request for discovery "until the threshold question of immunity was resolved"). Indeed, it is hard to understand how avoiding the expenditure of resources on discovery while the appeal is pending in any way undermines judicial economy.

Plaintiffs also erroneously assume that discovery can be conducted at the mere "click of a button" because they are asking Defendants to produce documents that were already produced in the course of a CFPB investigation involving some of the Defendants. This contention is meritless, as other federal courts have completely rejected attempts by the same counsel who represent Plaintiffs here to gain copies of records produced in the CFPB investigation involving Encore. *See Italiano v. Midland Funding, LLC*, No. 2:14-cv-18-JMA-AKT, (Doc. 97 ¶ 6(a)) (E.D.N.Y. Nov. 19, 2015) (attached hereto as Exhibit A); *Frank LLP v. Consumer Fin. Prot. Bureau*, 288 F. Supp. 3d 46 (D.C. 2017). Indeed, in making this contention, Plaintiffs make numerous faulty assumptions, including that both the Court and an arbitrator would necessarily rule that everything and anything produced to the CFPB is automatically relevant to this case (it is not), as well as the assumption that both the Court and an arbitrator would rule that Plaintiffs have an unfettered right to copies of documents produced to the CFPB (they do not). *See Morgan Drexen, Inc. v. CFPB*, 979 F. Supp. 2d 104, 108 (D.C. 2013) (noting that documents produced in response to a subpoena from the CFPB "are considered confidential").

Finally, Plaintiffs cite *Intertec Contracting A/S v. Turner Steiner Int'l, S.A.*, No. 98 Civ. 9116 (CSH), 2001 U.S. Dist. LEXIS 9950, at *22, 2001 WL 812224, at *7 n.4 (S.D.N.Y. July 18, 2001), for the proposition that district courts have discretion to take action on cases during the pendency of an arbitration appeal. (Doc. 167 at 3, n. 1.) However, this case does not help Plaintiffs for several reasons. As an initial matter, the *Intertec* court's conclusion was based on an analysis of Second Circuit precedent, which is inapplicable here. Indeed, the Eleventh Circuit's ruling in *Blinco* does not leave room for such discretion once an appeal is found to be non-frivolous. *See Blinco*, 366 F.3d at 1253 (holding that courts "should stay the litigation in the district court" after finding an appeal to be non-frivolous). More importantly, the court in *Intertec* only agreed to supervise discovery while the appeal was pending because both parties voluntarily agreed to participate in discovery. *See Intertec Contracting A/S*, 2001 U.S. Dist. LEXIS 9950, at *22, 2001 WL 812224, at *7 (the court retained jurisdiction "for the purpose of the agreement for a mutual exchange of documents . . . which both parties agreed they had accepted"). No such agreement between the parties exists here.

For all of these reasons, Defendants respectfully request the Court to grant their Motion to Stay Case Pending Appeal (Doc. 160) so that the issue of the proper forum is fully resolved before conducting any further litigation in this Court.

Respectfully submitted this 18th day of October, 2018.

*/s/ Rachel R. Friedman*
R. Frank Springfield
Georgia Bar No. 316045
fspringf@burr.com
John O'Shea Sullivan
Georgia Bar No. 691305
ssullivan@burr.com
Rachel R. Friedman
Georgia Bar No. 456493
rfriedman@burr.com

BURR & FORMAN, LLP
171 Seventeenth Street, NW, Suite 1100
Atlanta, Georgia  30363
Telephone:  (404) 815-3000
Facsimile:  (404) 817-3244

Attorneys for Defendants
MIDLAND FUNDING, LLC,
ENCORE CAPITAL GROUP, INC.,
MIDLAND CREDIT MANAGEMENT, INC.,
ASSET ACCEPTANCE, LLC, AND
ASSET ACCEPTANCE CAPITAL CORP.

/s/ *John H. Bedard, Jr.*
John H. Bedard, Jr.
Georgia Bar No. 043473
jbedard@bedardlawgroup.com
Michael K. Chapman
Georgia Bar No. 322145
mchapman@bedardlawgroup.com

Bedard Law Group, P.C.
2810 Peachtree Industrial Blvd.
Suite D
Duluth, Georgia 30097
Telephone: (678) 253-1871

Attorneys for Defendants
COOLING & WINTER, LLC
JOSEPH C. COOLING
ROBERT A. WINTER

/s/ *Alex D. Weatherby*
W. Pitts Carr
Georgia Bar No. 112100
pcarr@wpcarr.com
Alex D. Weatherby
Georgia Bar No. 819975
aweatherby@wpcarr.com

Carr & Weatherby, LLP
Building 10
4200 Northside Parkway, N.W.
Atlanta, GA 30327
404-442-9000

Attorneys for Defendant
FREDERICK J. HANNA

## **CERTIFICATION OF COUNSEL**

I hereby certify that the foregoing document has been prepared with Times New Roman, 14 point font, one of the font and point selections approved by the Court in LR 5.1C.

*/s/ Rachel R. Friedman*
Rachel R. Friedman
Georgia Bar No. 456493
rfriedman@burr.com


BURR & FORMAN LLP
171 Seventeenth Street, NW, Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

# CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2018, I presented the foregoing motion to the Clerk of Court for filing and uploading to the CM/ECF system, which will automatically send email notification of such filing to the following attorney of record:

| | |
|---|---|
| E. Talley Gray<br>Law Offices of E. Talley Gray<br>3449-D Lawrenceville-Suwanee Rd.<br>Suwanee, GA 30024<br>talleygray@gmail.com | John H. Bedard, Jr.<br>Michael K. Chapman<br>Bedard Law Group, P.C.<br>2810 Peachtree Industrial Blvd.<br>Suite D<br>Duluth, Georgia 30097<br>Telephone: (678) 253-1871<br>jbedard@bedardlawgroup.com<br>mchapman@bedardlawgroup.com |
| Gregory A. Frank<br>Marvin L. Frank<br>FRANK LLP<br>370 Lexington Ave, Suite 1706<br>New York, NY 10017<br>Telephone: (212) 682-1853<br>gfrank@frankllp.com<br>mfrank@frankllp.com | W. Pitts Carr<br>Alexander Dewitt Weatherby<br>Carr & Weatherby, LLP<br>4200 Northside Parkway, N.W.<br>Building 10<br>Atlanta, GA 30327<br>404-442-9000<br>aweatherby@wpcarr.com<br>pcarr@wpcarr.com |

*/s/ Rachel R. Friedman*
Rachel R. Friedman
Georgia Bar No. 456493
rfriedman@burr.com